

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

GMP:TJS
F. #2012R01342

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 8, 2015

<u>By Hand and ECF</u>

The Honorable Margo K. Brodie
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Andrew Goodman
       Criminal Docket No. 12-614 (MKB)

Dear Judge Brodie:

    The government submits this letter in relation to sentencing in the above-captioned case, which is scheduled for October 16, 2015 at 12:00 p.m. On January 22, 2015, the defendant Andrew Goodman (the "defendant") pled guilty to Count One of the Indictment, which charges a violation of 18 U.S.C. § 2422(b), pursuant to a plea agreement.

I. <u>Background</u>

    As set forth in the Pre-Sentence Investigation Report ("PSR"), starting in 2007, the defendant engaged in the repeated sexual abuse of Victim 1, who was at the time twelve years old. This abuse was a regular occurrence until June 2010, when the abuse was reported. The defendant also abused Victim 2, a relative of Victim 1 during the same time period. (PSR ¶¶ 3 to 13).

    The defendant was subsequently charged in New York state court with 48 charges relating to his conduct. On June 22, 2010, he pled guilty in Kings County Supreme Court to twenty-three counts of Criminal Sexual Act in the Second Degree and twenty-five counts of Criminal Sexual Act in the Third Degree. At sentencing in the state court proceeding, the defendant likened pedophilia to homosexuality and indicated that the age of consent was lower in other parts of the world. (<u>See</u> Sentencing Transcript, attached as Exhibit A.)[1] He was sentenced to two years imprisonment.

---

[1] The state sentencing transcript will be omitted from the ECF filing because it identifies the victims.

Following service of this state sentence, the defendant was charged federally with violations of 18 U.S.C. §§ 2422 and 2423. He ultimately pled guilty to coercing and enticing Victim 1 to engage in illegal sexual conduct using a facility of interstate commerce in violation of 18 U.S.C. § 2422(b).

II. Guidelines Calculation

The PSR correctly calculates the total offense level as 29 and the defendant's criminal history as category II. This results in a Guidelines range of imprisonment of 97 to 121 months. However, due to the application of the statutory mandatory minimum, the effective Guidelines range is 120 to 121 months' imprisonment.

III. PSR Objections

The defendant has raised three objections to the PSR, to which the government has no objection. Specifically, the defendant asks that (1) reference to a detainer be removed, as he completed his state sentence; (2) the PSR be amended to indicate that bail in his state case was raised, not revoked; and (3) the PSR be amended as to the illegal sexual conduct the defendant engaged in with Victim 2. On September 11, 2015, the Probation Department issued an addendum to the PSR indicating that the defendant's changes would be included.

IV. Sentencing

In the plea agreement, the government agreed that it would take no position where within the Guidelines range the defendant's sentence should fall. Because the statutory mandatory minimum sentence falls within the Guidelines range, the government takes no position as to the defendant's incarceratory sentence.

The government does, however, request that the Court impose a significant term of supervised release. The defendant committed this crime over the course of years with two victims. When sentenced in state court, he failed to even acknowledge that his conduct was wrong. Given this mindset, the defendant is in significant need of the type of close supervision and mental health services that can be provided by the Probation Department.

V.      Conclusion

For the foregoing reasons, the government takes no position as to the defendant's incarceratory sentence, but asks that the Court impose a significant term of supervised release.

Respectfully submitted,

KELLY T. CURRIE
Acting United States Attorney

By:    /s/
Tyler J. Smith
Assistant U.S. Attorney
(718) 254-6186

cc:    Michael Padden, Esq. (by Email)

3